E-FILED
Monday, 02 November, 2026 11:38:49 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

TERESA L.,

*Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

*Defendant*.

Case No. 1:24-cv-01208-RLH

## ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b). (Doc. 16) The Commissioner neither supports nor opposes the motion. (Doc. 18). Because Plaintiff's request is reasonable and otherwise complies with § 406(b), it will be granted.

## BACKGROUND

Plaintiff filed this suit challenging an administrative law judge's ("ALJ") finding that she is not disabled under the Social Security Act and thus ineligible to receive disability benefits. (Doc. 1). The case was subsequently remanded for additional proceedings pursuant to the parties' stipulation. (Doc. 12). Upon remand, an ALJ issued a decision finding Plaintiff disabled. (Doc. 16 at 2). On September 29, 2026, the Social Security Administration issued an "Important Information" Notice informing Plaintiff's counsel that $13,159.75 was being withheld from Plaintiff's Title II back benefits to pay legal fees. *Id*.

## LEGAL STANDARD

Section 406(b) "permits attorneys to recover fees for their work in federal court on behalf of Social Security claimants" when the proceedings terminate in the claimant's favor. *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024). In reviewing § 406(b) fee requests, courts must perform an "independent check" to ensure that the request is within the statutory maximum and reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Of course, the "reasonableness" of a fee request depends entirely on the circumstances of a particular case. *See id.* Foremost among those circumstances is whether the claimant-attorney relationship involves a contingency fee agreement. *See Arnold*, 106 F.4th at 601. When it does, the contingency award anchors the court's analysis. *Id.*

A court must therefore begin its analysis "with the contingency award as its polestar and consider whether that amount should be reduced" based on relevant circumstances, such as: (1) counsel's expertise and effort spent on the case, (2) the claimant's satisfaction with the representation, (3) whether counsel engaged in undue delay, (4) the uncertainty of recovery, and (5) how the request compares to similar cases. *See id.*

## DISCUSSION

The Court starts with the contingency fee agreement between Plaintiff and her counsel, which provides that counsel will receive twenty-five percent of any past-due benefits recovered in the case. (Doc. 16 at 3). That fee does not exceed the statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A) (limiting recoverable fees to twenty-five percent "of the total of the past-due benefits" the claimant receives). The sole

question, therefore, is whether the circumstances of this case warrant reducing the contingency award. They do not.

The Record reflects that counsel diligently represented Plaintiff and obtained a favorable result. *See Gisbrecht*, 535 U.S. at 808 (explaining that reasonableness depends largely on "the results the representation achieved"). Indeed, after litigating Plaintiff's case in this Court, Plaintiff's counsel secured a remand to the administration, who ultimately awarded her benefits.

Moreover, nothing in the Record suggests that Plaintiff is dissatisfied with her counsel's representation or that counsel delayed the proceedings. And the contingent nature of the fee agreement—along with the fact that counsel is an experienced social security practitioner who achieved his client's desired result—renders the fee sought reasonable. As courts have explained, representing social security claimants on a contingent basis always "involves some risk, and recovery is uncertain until a final decision is rendered." *Strong v. O'Malley*, No. 4:21-cv-54, 2024 WL 3935530, at *2 (N.D. Ind. Aug. 23, 2024).

Courts then ask whether the fee sought is consistent with those awarded in comparable cases. Plaintiff's counsel requests $13,159.75, which represents 25% of Plaintiff's past-due benefits. Because Plaintiff's counsel spent twenty-eight hours working on this case,[1] the effective rate would come out to approximately $470.00 per

[1] As the Commissioner observes, Plaintiff's 406(b) motion contains a discrepancy: Page two of the motion states that Plaintiff's counsel spent 7.7 hours working on the case before this Court; Exhibit C states that he spent 32 hours. Either way, the Court need not resolve the discrepancy because Plaintiff's request would be consistent with other fee awards in similar cases. *See infra* note 2.

hour. That rate is comparable to—if not well below—rates that courts have approved in similar cases.[2]

Finally, § 406(b)(1)(A) forbids a lawyer from recovering more than twenty-five percent of the claimant's past-due benefits, even when the lawyer would otherwise be entitled to recover fees under a different statute. So, when a court approves a fee request under § 406(b), counsel generally must refund any amount previously awarded under the EAJA. *See Gisbrecht*, 535 U.S. at 796. Plaintiff's counsel recognizes this limitation and assures the Court that he will pay back the $6,300.00 in EAJA fees previously awarded. (Doc. 16 at 2). And Per the Commissioner's request, the Court specifies that the fees authorized by this Order are to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Award of Attorney's Fees Under § 406(b), (Doc. 16), is GRANTED. Plaintiff's counsel is awarded attorney's fees under 42 U.S.C. § 406(b) in the amount of $13,159.75. The Commissioner shall pay Plaintiff's counsel the amount of Plaintiff's past-due benefits remaining withheld for attorney's fees, in accordance with agency policy. Plaintiff's counsel is further ORDERED to refund to Plaintiff the $6,300.00 in EAJA fees previously awarded.

[2] *See, e.g.*, *Plummer v. O'Malley*, No. 1:23-cv-85, 2024 WL 4880436, at *2 (N.D. Ind. Nov. 22, 2024) (approving fee request under § 406(b) for an hourly rate of $3,227.48); *Wattles v. Comm'r of Soc. Sec.*, No. 2:10-cv-2108, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) ($3,125); *Polli v. Berryhill*, No. 17-cv-1102, 2019 WL 10248978 (N.D. Ill. Feb. 27, 2019) ($1,805.00); *Summer v. Kijakazi*, 2:20-cv-483 (N.D. Ind. July 18, 2023) ($1,850.00); *Narug v. Comm'r of Soc. Sec.*, No. 2:19-cv-490, 2022 WL 3714743 (N.D. Ind. Aug. 29, 2022) ($2,450.60).

*So ordered.*

Entered this 2nd day of November 2026.

s/Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge